IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE JOHNSON,

      Plaintiff,                      No. CIV S-10-3151 EFB

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                ORDER

         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons discussed below, the court grants plaintiff's motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands the case for further proceedings.

I.      Factual and Procedural Background

         Plaintiff filed an application for supplemental security income on January 9, 2009, alleging that she had been disabled since May 1, 2008. Administrative Record ("AR") 11. Plaintiff's application was denied initially and upon reconsideration, and plaintiff requested a hearing. *Id.* On March 3, 2010, a hearing was held before administrative law judge ("ALJ")

1

Mark C. Ramsey. *Id.* at 24-41. Plaintiff, was represented by attorney Richard G. Grogan at the hearing, at which plaintiff testified. *Id.*

On May 21, 2010, the ALJ issued a decision finding that plaintiff was not disabled.[1] *Id.* at 11-20. The ALJ made the following specific findings:

> 1. The claimant has not engaged in substantial gainful activity since January 9, 2009, the application date (20 CFR 416.971, *et seq.*).
>
> 2. The claimant has the following severe impairments: Celiac disease, chronic fatigue, thyroid disease, obesity, and fibromyalgia (20 CFR 416.920(c)).
>
> ...
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> ...

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id*.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b).

...

5. The claimant is capable of performing past relevant work as a crisis counselor. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

...

6. The claimant has not been under a disability, as defined in the Social Security Act, since January 9, 2009, the date the application was filed (20 CFR 416.920(f)).

*Id.* at 13-19.

Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 6-7. However, on July 28, 2010, the Appeals Council denied review, leaving the ALJ's decision as the "final decision of the Commissioner of Social Security." *Id.* at 1-5.

II.   Standard of Review

The Commissioner's decision that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

////

////

3

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.  Analysis

Plaintiff argues that the ALJ erred in failing to develop the record regarding her physical residual functional capacity and her chronic fatigue syndrome.[2] Specifically, plaintiff argues that the ALJ did not obtain a physical RFC assessment by any physician, did not re-contact plaintiff's treating doctors, and did not follow a Social Security Ruling regarding chronic fatigue syndrome. Dckt. No. 20 at 19-21.

An ALJ has a duty "to fully and fairly develop the record and to assure the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001). "A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." *McLeod v. Astrue,* 640 F.3d 881, 885 (9th Cir. 2011).

////

////

---

[2] Plaintiff also argues that the ALJ erred in failing to credit her testimony and third party statements regarding the nature and extent of her pain and functional limitations, and in failing to secure the testimony of a vocational expert. The court does not reach these arguments, as the underlying facts will likely be affected by the further proceedings on remand.

Here, the ALJ found that plaintiff had the severe physical impairments of celiac disease, chronic fatigue, thyroid disease, obesity, and fibromyalgia, but had the RFC to perform only light work, even though there was no physical RFC assessment in the record. The conclusion suggests that the record was apparently inadequate to allow for the proper evaluation of the evidence. Because the ALJ did not base the RFC finding on any medical opinion in the record, it is implicit in his decision that the record was not adequate to do so.

Defendant argues that the ALJ's RFC determination–that plaintiff had the capacity to perform light work–was supported by the non-examining opinions of state agency doctors Tambellini and David, who both opined that plaintiff's physical impairments were non-severe. Dckt. No. 22 at 7. Apparently after reviewing plaintiff's medical records, Dr. Tambellini filled out a RFC assessment pertaining only to plaintiff's psychiatric impairments and recommended that plaintiff be categorized as "non-severe."[3] AR 388-89. Tambellini wrote that plaintiff had the "Non-severe physical impairments celiac disease . . . and fibromyalgia . . . after review of records finds no significant limitations or lab results to support significant problems." *Id.* at 389. Thus, Dr. Tambellini opined that both plaintiff's mental and physical impairments were non-severe, yet only assessed mental limitations on plaintiff's RFC rather than physical limitations.[4] Similarly, Dr. David completed a case analysis form in which he wrote that plaintiff was "physically non-severe," "with lots of subj[ective] limits." AR 423. Dr. David listed plaintiff's medications, but gave no details supporting his finding that plaintiff's physical impairments were non-severe. Thus, both doctors found that plaintiff's physical impairments were non-severe–that is, that plaintiff's physical impairments had no more than a minimal effect on her ability to work.

---

[3] The report is not signed by hand, but has Dr. Tambellini's name printed above the signature box. The name "N. Kravatz, Psy.D." appears after the last opinion on the page.

[4] A psychiatric evaluation of the plaintiff's functional capacity might assist in showing that there is not psychiatric impairment that prevents the ability to perform light exertional work, but is does not establish whether plaintiff can, in fact, perform the exertional requirements for that level of work.

5

*See* AR 12; 20 CFR 416.921.  Because the doctors found that plaintiff's physical impairments had only a minimal effect on her ability to work, if any, they did not fill out physical residual functional capacity assessments.  The ALJ, however, disagreed.

Contrary to defendant's argument that the ALJ based his decision on Dr. Tambellini and Dr. David's opinions, the ALJ rejected their opinions.  Instead, he found that plaintiff's physical impairments of celiac disease, chronic fatigue, thyroid disease, obesity, and fibromyalgia were all "severe"–that is, all significantly limited her ability to perform basic work activities.  AR 13.  Had the ALJ relied on the state agency consulting doctors' opinions, he would have found that plaintiff could perform a full range of medium and heavy work as well as light work.  Instead, the ALJ found that plaintiff had a severe impairment that limited her to performing only "light" work.  *Id.* at 15.  The problem is that the "light" work RFC determination does not appear to be supported by an medical opinions in the record.

Thus, the ALJ necessarily rejected the only medical opinions in the record regarding the severity of plaintiff's physical impairments.  The record does not contain a medical opinion or physical RFC assessment that even roughly corresponds with the ALJ's physical RFC finding.  The ALJ's finding that plaintiff was severely impaired and limited to light work went far beyond the medical opinions in the record.  Implicitly, the ALJ's finding that plaintiff was limited to light work, when the only medical opinions in the record were that plaintiff could perform an entire range of work, necessarily shows that the ALJ considered the medical opinions before him to be inadequate.  Then, however, rather than obtain an adequate medical opinion as to the plaintiff's RFC, the ALJ essentially substituted his own untrained opinion for that of a medical professional.

The ALJ should have 1) recontacted plaintiff's treating physicians or 2) arranged for a consultative examination.  *See* 20 CFR § 404.1512(e) ("When the evidence we receive from your treating physician . . . is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will

6

. . . recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available"), (f) ("If the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense"). *See also Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001) (holding that where a case involves an ambiguity or an insufficiency in the evidence that must be resolved, a consultative examination should normally be ordered).

Furthermore, the ALJ erred in not following the rules applying to cases involving chronic fatigue syndrome, as set out in SSR 99-2p. As noted above, the ALJ found that plaintiff suffered from the severe impairment of chronic fatigue, yet he did not follow the dictates of the ruling. Specifically, the ALJ failed to "ask the treating or other medical source(s) to provide information about the extent and duration of an individual's impairment(s), including observations and opinions about how well the individual is able to function, the effects of any treatment, including side effects, and how long the impairment(s) is expected to limit the individual's ability to function." SSR 99-2p at *7.

IV. Conclusion

The ALJ failed to meet his duty of developing the record, as the medical evidence in the record regarding plaintiff's physical RFC was inadequate, and the ALJ did not contact plaintiff's treating medical providers for more information and did not arrange for a consultative examination. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. Defendant's cross-motion for summary judgment is denied;

3. The Clerk is directed to enter judgment in plaintiff's favor; and

////

////

////

7

4. The case is remanded for further proceedings consistent with this opinion.

DATED: March 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE